## DARRAH *against* WARNOCH.

### IN ERROR.

In a case which originated before a justice of the peace, from whose judgment there was an appeal to the common pleas, where a verdict and judgment was rendered for a sum exceeding the jurisdiction of the justice, this court affirmed the judgment upon the plaintiff's releasing the excess.

THIS writ of error was issued to the court of common pleas of Beaver county, upon the return of which, the record showed the proceedings in a suit, which originated before a justice of the peace, wherein *James Warnoch* was plaintiff, and *Robert Darrah* was defendant. It was brought to recover the amount of a judgment, which the defendant *Darrah*, had had against one *Johnston*, and upon which he received the money from the defendant *Johnston*, after he had transferred it to the plaintiff in this suit, *James Warnoch.*

On the 28th July, 1827, the justice rendered judgment for the plaintiff for eighty-three dollars and sixty-two and a half cents debt, and sixteen dollars and thirty-seven and a half cents interest, making one hundred dollars: from which judgment the defendant appealed. A declaration was filed containing two counts, the first a special one, and the second for money had and received. Pleas *non assumpsit infra sex annos,* and payment with leave, &c. Replication that he did assume within six years, and did not pay. Issues.

On the 15th January, 1828, a verdict and judgment were rendered for the plaintiff for one hundred and fourteen dollars and ninety-nine cents.

The error assigned in this court was that the cause of action was not within the jurisdiction of a justice of the peace, the recovery being for more than one hundred dollars, and interest thereon.

*Fetterman* for the plaintiff in error.—The law is well established that it is error to institute a suit before a justice, if the cause of action exceeds his jurisdiction. *Hinds* v. *Willis,* 13 *Serg. & Rawle,* 214. *Moore* v. *Wait,* 1 *Bin.* 219. *Owen* v. *Shelhamer,* 3 *Bin.* 45. *Laird* v. *M'Conachy,* 3 *Serg. & Rawle,* 290. The verdict and judg-

(Darrah *v.* Warnoch.)

ment in the common pleas, were rendered for one hundred and fourteen dollars and ninety-nine cents, within six months of the time when the judgment of the justice was entered: by which it is manifest that the cause of action when the suit was instituted, exceeded the jurisdiction of the justice.

*Forward* and *Moore* for defendant in error.

In the case of *M'Entire* v. *M'Elduff*, 1 *Serg. & Rawle*, 19, this court decided, that if the judgment of a justice, be for a sum within his jurisdiction, and on an appeal to the common pleas, judgment be given for a sum above his jurisdiction, the judgment of that court shall not be arrested, unless it appear, that the cause of action was different. See also *M'Kinley* v. *M'Calla*, 5 *Bin.* 600.

The jury had it in their power, and might have given something to the plaintiff, as damages to compensate him for vexation, and to cover the expenses of the appeal.

*Fetterman* in reply.—In the case of *Kingston* v. *Lee*, (not reported) this court reversed the judgment, because the damages laid in the declaration exceeded the jurisdiction of the justice, before whom the suit originated.

This was an action of assumpsit, and there could have been no damages allowed beyond the interest of the claim.

PER CURIAM.—The case is with the plaintiff, both on principle and authority. As regards the cause of action, the proceedings on appeal are not *de novo;* and the plaintiff can recover no more than he might have recovered before the justice. A judgment for more would be decisive either that the action was improperly commenced or improperly prosecuted. A plaintiff may undoubtedly remit a part of his demand, to bring the residue within the jurisdiction of a justice; but, having done so, he must proceed consistently, and cannot set up on the appeal the part that he had previously abandoned. So that when the judgment on the appeal is for a greater sum than could have been recovered before the justice, it involves the plaintiff in the dilemma either of having sued for too much originally, or of having recovered what he had previously released. But as he might have released the excess below, and as there is an increasing liberality in courts of error, we think it reasonable to afford him an opportunity to do so here.

The plaintiff instantly released the excess at the bar, and the judgment was affirmed.